## Bowman &c. vs. Commonwealth.

Case 3.

### ERROR TO MARION CIRCUIT.

1. The county judge had not power alone, on the 10th day of September, 1852, to take a recognizance in a criminal case; such power, which was conferred by the act of the 11th March, 1851, which was taken away by the Revised Statutes—*See 17th art., page 232*—by which it is provided that the county judge shall have all the powers of a justice, in penal and criminal proceedings, and in a court of inquiry in such proceedings.

2. The county judge has the same power as a justice of the peace in courts of inquiry, and in penal and criminal cases, and taking recognizances, but no power to act alone, nor can a single justice.

June 7.

Judge CRENSHAW delivered the opinion of the court.

Case stated.

The recognizance upon which issued the *scire facias* in this case, was taken before the county judge of the Marion county court on the 10th of September, 1852. The only question necessary for us to decide is, whether the county judge had authority to take it.

By virtue of the 10th section of an act of March 11th, 1851, power was conferred upon county judges "to cause persons charged with a violation of the penal laws to be apprehended and brought before him, and to take the recognizance of such person, so charged, to appear and answer the same, or to commit such person to prison, there to remain until discharged by due course of law; and, in all such proceedings, to be governed by existing laws regulating the powers and proceedings of justices of the peace in similar cases;" and the question is, whether this section is repealed by the Revised Statutes.

By the Revised Statutes, all statutes of a general nature, adopted prior to the 1st of November, 1851, are repealed, with certain specified exceptions. The fifth exception is, "statutes regulating proceedings in civil, criminal, and penal cases, not repealed by the Code of Practice or the Revised Statutes."

By the 17th Article of the Revised Statutes, page 232, it is provided, that the county judge "shall have all the powers of a justice in penal and criminal pro-

1. The county judge had not power a-

ceedings, and in a court of inquiry in such proceedings."

If it be conceded that the act of the 11th of March, 1851, *supra*, conferred on county judges power in *criminal* as well as in mere *penal* cases, to take recognizances, &c., is that power still in him, or is it taken away by the Revised Statutes? We apprehend that the 10th section of the said act of 11th March, 1851, is repealed by the said statutes. This section in no way *regulates proceedings in civil, criminal, and penal cases*, but only confers certain powers upon the county judge, and, in proceeding under these powers, he is to be governed by *existing laws regulating the powers and proceedings* of justices in similar cases. The said 10th section cannot, therefore, as we think, be construed as "regulating proceedings in penal or criminal cases," and is not, therefore, within the fifth exception of the general repealing clause of the Revised Statutes.

By virtue of the said 17th artitle of the Revised Statutes, a county judge has all the powers of a justice in penal and criminal proceedings, and may, therefore, in conjunction with a justice, hold a court of inquiry in criminal cases, and take recognizances, but he has no right to do so alone, and unconnected with a justice of the peace. In this respect he has now the power of a justice, and no more. We know of no provision of the Revised Statutes, or any other statute in force, which authorizes a single justice to take a recognizance in a criminal case, as was done in this case, and a justice, singly, having no such right, the county judge has none. And the recognizance in this case having been taken before the county judge alone, is not valid for want of authority in him so to take it.

Wherefore, the judgment is reversed, and the cause remanded, that the *scire facias* be dismissed.

Shuck and Woods for plaintiffs; Harlan, Attorney General, for the Commonwealth.

---

Bowman, &c.
*vs.*
Commonwealth

lone, on the 10th day of September, 1852, to take a recognizance in a criminal case; such power, which was conferred by the act of the 11th March, 1851, was taken away by the Revised Statutes—see *17th art., page 232*—by which it is provided that "the county judge shall have all the powers of a justice, in penal and criminal proceedings, and in a court of inquiry in such proceedings."

2. The county judge has the same powers as a justice of the peace in courts of inquiry, and in penal and criminal cases, and taking recognizances, but no power to act alone, nor can a single justice.